J-S66039-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT |
| | : | OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EDWIN GRECO WYLIE-BIGGS, | : | |
| | : | |
| Appellant | : | No. 625 WDA 2017 |

Appeal from the Judgment of Sentence April 12, 2017
in the Court of Common Pleas of Fayette County
Criminal Division at No.: CP-26-CR-0000950-2016

BEFORE: BENDER, P.J.E., DUBOW, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                    FILED DECEMBER 29, 2017

Appellant, Edwin Greco Wylie-Biggs, appeals from the judgment of sentence imposed following his jury conviction of possession of contraband by an inmate.[1]  Specifically, he challenges the sufficiency of the evidence to support his conviction.  We affirm.

We take the factual and procedural history in this matter from our review of the certified record and the trial court's May 10, 2017 opinion.

> At trial, the first witness, [Officer] Albert Wood, a corrections officer at SCI Fayette, testified that he observed another inmate hand something to [Appellant] while the prisoners were being transitioned from their cell block to the dining hall. (See N.T. Trial, 4/04/17, at 7-8).  The inmates, including [Appellant], were then brought to the security office, and Officer

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5123(a.2).

Wood and his co-worker, Officer [Melvin] Wolfe, took [Appellant] to a secure location in order to strip search him. As the final step in such search, [Appellant] bent over and separated his buttock cheeks, whereupon a clear plastic bag containing a small blue balloon could be seen sticking out of his rectum, and thereafter [Appellant] himself removed it from his rectum. (See id. at 10-11). The blue balloon was found to contain a substance which was identified as K2, synthetic marijuana, during subsequent testing performed by another corrections officer, James Vazvinder. (See id. at 26, 28). After the contraband was found, Security Lieutenant Martin Switzer was notified, and he immediately went to the secure area where the strip search had been performed. (See id. at 38). After arriving, Lieutenant Switzer spoke to [Appellant], who admitted the contraband was his and identified it as K2. (See id. at 39).

(Trial Court Opinion, 5/10/17, at 1-2) (record citation formatting provided).

On April 12, 2017, the court sentenced Appellant to not less than three nor more than six years of imprisonment to run consecutively with the Allegheny County sentence that Appellant had been serving. Appellant did not file a post-sentence motion. This timely appeal followed.[2]

Appellant raises one issue on appeal: "Whether the evidence was legally and factually insufficient to prove that [Appellant] was guilty of possession of contraband by an inmate?" (Appellant's Brief, at 7) (unnecessary capitalization omitted).

_____

[2] Pursuant to the trial court's order, Appellant filed a concise statement of errors complained of on appeal on April 26, 2017. The court entered an opinion on May 10, 2017. See Pa.R.A.P. 1925.

Appellant challenges the sufficiency of the evidence to support his conviction, for which our standard of review is well settled.[3]

> Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is de novo and our scope of review is plenary.  In assessing Appellant's sufficiency challenge, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that the Commonwealth proved [each] element of the crime beyond a reasonable doubt.  The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented.

Commonwealth v. Giron, 155 A.3d 635, 638 (Pa. Super. 2017) (citations and quotation marks omitted).

To sustain a conviction for possession of contraband by an inmate, the Commonwealth must prove that an inmate "unlawfully has in his possession or under his control any controlled substance in violation of section 13(a)(16) of The Controlled Substance, Drug, Device and Cosmetic Act.  For purposes of this subsection, no amount shall be deemed de minimis."  18 Pa.C.S.A. § 5123(a.2) (footnote omitted); see 35 P.S. § 780-113(a)(16).

_____

[3] Appellant's brief contains argument challenging the weight of the evidence supporting his conviction.  (See Appellant's Brief, at 10, 14, 16).  However, he does not include a weight of the evidence claim in his statement of questions involved.  See Pa.R.A.P. 2116 ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").  Furthermore, Appellant failed to raise before the trial court a challenge to the weight of the evidence, and failed to include it in his Rule 1925(b) concise statement of errors.  Therefore, he has waived this claim. See Commonwealth v. Griffin, 65 A.3d 932, 939 (Pa. Super. 2013), appeal denied, 76 A.3d 538 (Pa. 2013); Pa.R.Crim.P. 607; Pa.R.A.P. 1925(b)(4)(vii).

Appellant claims that the evidence introduced by the Commonwealth at trial was insufficient to sustain his conviction of possession of contraband by an inmate. (See Appellant's Brief, at 10-16). We disagree.

Here, the Commonwealth introduced the testimony of Officer Wood at trial who explained that he conducted a strip search of Appellant after another officer observed a fellow inmate pass an item to him. (See N.T. Trial, at 9-10). Officer Woods testified that during the search, Appellant was asked to bend over and separate his buttock cheeks, whereupon Officer Woods observed clear plastic sticking out of Appellant's rectum. (See id. at 11). Appellant retrieved the clear plastic bag, which contained a blue balloon. (See id.). The blue balloon contained contraband, which Officer Wood took to Officer James Vazvinder for testing. (See id. at 13). Officer Vazvinder testified that the substance tested positive for K2 synthetic marijuana, a controlled substance. (See id. at 28). He explained that he did not sign a property receipt for the substance because Officer Wood, who did sign the receipt, was the custodian of the evidence and was in the room the entire time while he was testing it. (See id. at 61, 63-65).

Viewing the foregoing evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that it demonstrates that Appellant, an inmate, possessed synthetic marijuana, a controlled substance. Therefore, we conclude the evidence was sufficient to support Appellant's possession of contraband as an inmate conviction. See Giron, supra at 638.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2017